O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| **JAIME CORONADO** | **5:09-cv-00737-DEW (FFMx)** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **UNITED PARCEL SERVICE, INC., ET AL** | |

---

## ORDER

Before the Court is a Motion for Summary Judgment [Doc. #22] filed on behalf of Defendant, United Parcel Service, Inc. ("UPS"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, Jaime Coronado ("Coronado"), opposes this motion.

Finding that genuine issues of material fact remain concerning Coronado's causes of action for retaliation and wrongful termination, **IT IS ORDERED** that defendant's motion for summary judgment be and is hereby **DENIED** as it concerns those claims.

**IT IS FURTHER ORDERED** that UPS's motion for summary judgment be and is hereby **GRANTED** with regard to Coronado's prayer for punitive damages. Under California law, a "corporate employer may not be held liable for punitive damages arising from the acts of an employee unless 'an officer, director, or managing agent of the corporation' 'had advance knowledge of the unfitness of the employee and employed him or her with conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." *Muniz v. United Parcel Service, Inc.*, 2010 WL 2836854 at *13 (N.D. Cal. July 16, 2010) (quoting Cal. Civ. Code § 3294(b)). Only "those corporate employees who exercise substantial independent authority in their corporate decisionmaking so that their decisions ultimately determine corporate policy" can be managing

agents. *White v. Ultramar, Inc.*, 21 Cal.4th 563, 567, 88 Cal.Rptr.2d 19, 981 P.2d 944 (1999). "These are policies that 'affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership.'" *Muniz* at *13 (quoting *Roby v. McKesson Corp.*, 47 Cal.4th 686, 714, 101 Cal.Rprtr.3d 773, 219 P.3d 749 (2009). "[T]he critical inquiry is the degree of discretion the employees possess in making decisions that will ultimately determine corporate policy." *Myers v. Trendwest Resorts, Inc.*, 148 Cal.App.4th 1403, 1437, 56 Cal. Rptr.3d 501 (2007) (citation and internal quotation marks omitted).

Coronado argues that UPS is liable for punitive damages because Luckett, who terminated Coronado, was the highest ranking person at the Ontario airport facility, was responsible for all flights and aircraft at the facility, and oversaw over 2,000 employees. In *Muniz*, however, the court did not find a UPS operations manager who was "in charge of 6 divisions, 23 package centers and approximately 40 managers, 150 supervisors and 4,200 employees" to be a managing agent for § 3294 purposes. As the court noted, "[t]hat Meyer purportedly supervised thousands of employees does not constitute evidence that he set corporate policy." *Id.* at *14. Like the plaintiff in *Muniz,* Coronado relies solely on the number of employees Luckett supervised rather than his role in determining corporate policy, and he has offered no probative evidence that Luckett made decisions that would determine UPS corporate policy. Therefore, he cannot seek punitive damages based on the actions of Luckett.

THUS DONE AND SIGNED, in Shreveport, Louisiana, this _6_ day of December, 2010.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE